BERTHA HOLDEN, PLAINTIFF-APPELLEE, v. MAX FRIED-
MAN, DEFENDANT-APPELLANT.

Submitted June 6, 1924—Decided October 24, 1924.

Bailment—Fur Coat Stolen When Left for Repairs and Storage—
Defendant's Admission that Coat Had Not Been Returned
to Safe—Jury Question Whether Such Act Constituted Lack
of Due Care, Considering All Their Circumstances.

On appeal from the District Court of the city of Paterson.

Before Justices TRENCHARD, MINTURN and LLOYD.

For the appellant, *Jacob Willard & Edgar A. De Yoe.*

For the appellee, *Hudson & Joelson.*

PER CURIAM.

This is an appeal from a judgment in favor of the plain-
tiff rendered by the trial judge sitting without a jury, in the
District Court of the city of Paterson.

Bertha Holden, the plaintiff below, left her fur coat at the
store of the defendant for repairs and storing. The store
was entered by thieves, and when the plaintiff inquired for
her coat she was told it had been stolen. She brought suit
and recovered a judgment.

The premises of the defendant are on the first floor of the
building. He had a safe there in which he placed furs and
coats. After the robbery the furs and coats *in the* safe were
secure. Defendant's explanation, and sole explanation, ap-
pears in the testimony of the plaintiff, which was, among
other things, as follows:

"I was called up and told that Mr. Friedman's store was
robbed and my sister and I went down to see Mr. Friedman
about it, and he said he had been working on my coat until
three o'clock in the morning, and had not quite finished it,

and for that reason he did not put it back in the safe, and for that reason it was stolen, and if he had put it back in the safe it would not have been stolen."

The explanation, and the only explanation, that he made to Mr. Holden, according to the latter's testimony, was as follows: "He said he was very unlucky; that he was working with the coat very late at night and expected to start on it very early in the morning, and he didn't think it was worth while putting it in the safe, but if he had put it in the safe Mrs. Holden would have had her coat."

The duty of the defendant was to exercise reasonable care in respect to the coat. The trial judge found, in effect, that the defendant had not exercised reasonable care, and the foregoing testimony, considered in connection with the admitted facts, justifies that finding.

The contention of the defendant at the trial was that he failed to put the coat back in the safe, because during repairs it was wet, and that it is not proper practice to put a wet coat in a safe, and it was upon this ground that he urged at the trial that judgment should be rendered for him. But the trial judge thought otherwise and rendered judgment for the plaintiff, and we cannot say that was wrong. He may have disbelieved the defendant's claim, made for the first time at the trial, that the coat was wet, or he may have concluded that, in the circumstances, wet or dry, the leaving of the coat outside the safe, without other precautions, was not reasonable care.

Our conclusion is that the question, whether or not the defendant was negligent, was a jury question, and the finding of the trial judge, sitting as a jury, will not be disturbed.

The judgment is affirmed, with costs.